UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIM BACA,

              Plaintiff(s),

  v.

STATE OF WASHINGTON, KING COUNTY SUPERIOR COURT, JUDGE DOUGLAS McBROOM, SUPERIOR COURT CLERK, COURT OF APPEALS DIVISION 1 COURT CLERK,

              Defendant(s).

NO. C09-1253MJP

ORDER OF DISMISSAL

The above-entitled Court, having received and reviewed Plaintiff's Complaint (Dkt. No. 4), and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the complaint is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in conjunction with a 1985 plea of guilty in state court. By separate Order, Plaintiff was granted leave to proceed in forma pauperis, and this Court has reviewed Plaintiff's complaint as required under 28 U.S.C. § 1915A.[1] The Court finds itself compelled to dismiss the suit on its own motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] The Court is aware that Plaintiff filed an amended complaint on September 3, 2009 (Dkt. No. 2). Although it appears that the Clerk of the Court filed his original complaint once the IFP application was granted, the filing of the amended complaint (which names the identical defendants) would not have altered the outcome of the Court's ruling.

**ORDER OF DISMISSAL - 1**

Plaintiff names the State of Washington as a defendant. States are not persons for purposes of § 1983. See Doe v. Lawrence Livermore Natal Lab., 131 F.3d 836, 839 (9th Cir. 1997). Plaintiff may not assert a § 1983 claim against the State of Washington.

Plaintiff names King County Superior Court and Superior Court Judge Douglas McBroom as defendants. Judicial officers are immune from liability for damages under § 1983 for acts taken within their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 554-555 (1967). A judge will be subjected to liability only when (1) he acts in clear absence of all jurisdiction or (2) he performs an act that is not judicial in nature. Nowhere in his complaint does Plaintiff allege any action by Judge McBroom that was not judicial in nature or in clear absence of all jurisdiction.

Plaintiff also names the Superior Court Clerk (presumably of King County Superior Court) and the Court of Appeals Division 1 Court Clerk as defendants. Court clerks have absolute quasi-judicial immunity from suits requesting damages or injunctive relief "when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied,* 486 U.S. 1040 (1988) (court clerks); Stewart v. Minnick, 409 F.2d 826, 826 (9th Cir.1969) (per curiam) (court clerks and reporters). A mistake or act in excess of jurisdiction does not abrogate such immunity even if it results in " 'grave procedural errors.' " Mullis, 828 F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)). Allegations of bad faith, personal interest, outright malevolence, or conspiracy fail to pierce the cloak of immunity. McCarthy v. Mayo, 827 F.2d 1310, 1315 (9th Cir.1987).

The Court further finds that it would be futile to permit Plaintiff to amend his complaint to correct these errors. Based on the facts as alleged in Plaintiff's pleading, elimination of the defendants entitled to immunity would leave him with no one to sue. There is no point in allowing Plaintiff to amend his complaint.

**ORDER OF DISMISSAL - 2**

Because Plaintiff has not, and cannot, state a claim upon which this Court may grant relief, his complaint will be dismissed with prejudice.

Dated: September _22_, 2009

/s/ Marsha J. Pechman
Marsha J. Pechman
U.S. District Judge

**ORDER OF DISMISSAL - 3**